UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RLS AR ABDUL AZIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:    22-3129** |
| **MONICA R. WASHINGTON, ET AL.** | **SECTION: "M" (4)** |

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss for Failure to State a Claim (R. Doc. 22) filed** by Defendants Monica R. Washington and Sandra Simlin, Deputy Clerks at the Fifth Circuit Court of Appeals and Eastern District of Louisiana, respectively. This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), 1915e(2), and 1915A; and, as applicable, 42 U.S.C. § 1997e(c)(1)-(2). The motion is opposed. R. Doc. 24. Each party filed a response and further reply. R. Docs. 27, 30.

**I.    Factual Summary**

The Plaintiff, RLS AR Abdul Aziz ("Aziz") formerly Reginald Spears, an inmate at FCC Beaumont Prison in Beaumont Texas, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Monica R. Washington, individually and in her official capacity as the Deputy Clerk for the United States Fifth Circuit Court of Appeals. R. Doc. 4. The claim against Washington arises out of her alleged failure to file pages of exhibits that accompanied Aziz's Petition for Reconsideration of his 28 U.S.C. § 2255 application challenging his conviction and sentence in the Middle District of Louisiana. *Id.* at 4.

Aziz alleges that Washington willfully removed and did not enter 150 pages of exhibits to Petition for Reconsideration in the record and instead only docketed twelve (12) pages. *Id.* at 2. In support of his claim, he contends that his submission weighed one (1) pound, nine and one-half

(9.5) ounces per the United States Postal Service, and that his family accessed the Court record and determined that the entirety of his submission was not filed as submitted. *Id.* at 3. He therefore contends that Washington's conduct violated his right to procedural due process and resulted in an adverse ruling by the Circuit Court on his Petition. *Id.*

Aziz also asserts a *Bivens* claim alleging that Washington refuses to use his legal name in his correspondence, which violates his First Amendment right to express his association with the religion of Islam.[1] *Id.* at 3. As a result of Washington's actions, Aziz alleges that he sustained damages of prolonged incarceration, emotional damages, humiliation, and economic damages. *Id.* As such, Aziz seeks special damages, attorneys' fees and costs, pre-judgment interest, and compensatory, economic, and punitive damages. *Id.*

On December 12, 2022, Aziz filed an amended complaint adding Defendant Sandra Simlin, a Deputy Clerk for the United States District Court for the Eastern District of Louisiana, in her individual and official capacity. R. Doc. 10. Although not clearly stated, Aziz seemingly seeks to allege a violation of his right of access to the Courts because he had a total of 202 pages of exhibits attached to his original complaint which was tracked and delivered to the Clerk's office in the Eastern District on September 1, 2022. R. Doc. 10 at 4. He alleges that his original complaint was docketed by Simlin on that same date. *Id.* However, Simlin allegedly failed to enter thirty pages of the exhibits into the record. *Id.* Aziz alleges that only 171 pages of the documents were filed in the record of this matter, thereby depriving him of his right to access the Courts. *Id.*

Aziz further alleges that both clerks violated Federal Rule of Civil Procedure 5(d)(4) which prohibits the clerk from refusing to file a paper solely because it is not in the form prescribed by the rules. *Id.* Aziz alleges that he filed a notice seeking an explanation as to what happened to the

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 423 (1971).

2

documents that were not filed since he had submitted 202 pages for filing and only 171 were actually filed. *Id.* Aziz alleges that the Eastern District has not responded to his notice. *Id.* He contends that the failure of both Courts to file his complete submissions as filed violate his right to due process under the Fifth Amendment because he was not notified that his submissions were partially filed. *Id.*

Washington and Simlin now seek a dismissal of Aziz's claims arguing that his complaint is frivolous and lacks an arguable basis in law or in fact. R. Doc. 22. Washington and Simlin further contend that to the extent Aziz's complaints do state a claim, they are judicially immune and alternatively qualifiedly immune from suit. *Id.*

Aziz opposes the motion. He contends that his complaint contains more than conclusory allegations. R. Doc. 24 at 2. He alleges that he had a right to file the pleadings, have them entered and preserved in record and instead, Washington removed, concealed, or destroyed them. *Id.* Aziz alleges that this act by Washington resulted in harm to his ability to challenge his conviction and sentence and therefore he remains a convicted prisoner. *Id.*

As to Simlin, Aziz alleges that she failed to file each of his exhibits, failed to send him notice, and failed to respond to his request for an explanation. She allegedly also failed to docket the case under his legal name of RLS Ar Abdul Aziz instead of Reginald Spears, violating his right to religious expression as he is Muslim.

## II.     Standard of Review for Frivolousness

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). On a Rule 12(b)(6) motion, a court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th

3

Cir. 2012) (citation omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee*, 675 F.3d 849, 854 (5th Cir. 2012) (citation omitted). Moreover, "Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

In considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute. See *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### III.  Analysis

#### A.  Religious Expression

Washington contends that Aziz's claims fail to state a claim for which relief may be granted because Aziz fails to allege any facts to support his conclusion that her alleged actions caused him harm. Therefore, Washington seeks a dismissal of Aziz's claim against her.

Aziz, in contrast, contends that Washington violated his First Amendment right to religious expression by not including his legal name in the Fifth Circuit record correspondence. He contends

4

that other courts have adopted the use of his Muslim name, including the Fifth Circuit, but Washington allegedly refused to do so.

The adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both First Amendment speech and religious freedom. *See Barrett v. Commonwealth of Virginia*, 689 F.2d 498 (4th Cir. 1982); *Akbar v. Canney*, 634 F.2d 339 (6th Cir. 1980), *cert. denied*, 450 U.S. 1002 (1981). Restrictions on these rights pass constitutional muster only if they are no greater than is necessary to further important or substantial state interests. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974).

The record in the Fifth Circuit indicates that the Court consolidated Aziz's two appeals, case numbers 20-30517 and 20-30312. The caption in the Appellate Court read, "United States of America v. Reginal L. Spears." On May 5, 2021, the Court remanded Aziz's request for review, determining it did not have jurisdiction because a certificate of appealability had not been issued by the district court. *United States v. Reginald L. Spears*, No. 20-3027 (5th Cir. 2021) (unpublished interim order, R. Doc. 46-1). The Court, however, granted "the motion to include the name RLS AR Abdul Aziz in correspondence from this Court to Spears about these consolidated appeals." *Id.* at 4.

On August 24, 2021, Washington sent a letter to "Reginald L. Spears" advising that the Court received a duplicate brief and telling him that the Court would not take action on the second brief. *Id.* (R. Doc. 69-2). The docket master of the proceedings pending in the Fifth Circuit reads "Reginald L. Spears, also known as R.L.S. Ar Abdul Aziz (Federal Prisoner: #02438-095)."

The record indicates that Washington did not correspond with Aziz in the manner approved by the Court. Rather than refer to him as "RLS Ar Abdul Aziz," as authorized by the Fifth Circuit,

5

the Court notes her correspondence is addressed to him as "Reginald L. Spears." Aziz contends that this act by Washington damaged his identity.

Based upon the law, it appears that Aziz has facially stated a claim against Washington for violation of his right to religious expression such that the motion seeking dismissal of this claim should be denied. Washington does not state an important or substantial state interest that supports her communication to Aziz using his former name, Reginald L. Spears, which is inconsistent with the manner as ordered by the Fifth Circuit.

### B. Procedural Due Process

Washington and Simlin contend that Aziz's complaint fails to state a claim above the speculative level. R. Doc. 22-1. Washington and Simlin contend that Aziz's allegations are merely bare allegations, and he fails to state how the alleged failures had any effect on the proceedings in either the Fifth Circuit or the Eastern District. *Id.* at 5.

Aziz contends that his allegations are sufficient as he alleges that the failure of the deputy clerks to file all his documents resulted in a denial of procedural due process. In addition to his allegations, Aziz contends that he provided receipt evidence indicating the weight of documents that were delivered to the Clerk but not filed. Aziz contends that because these documents were not included in the record, he remains incarcerated as the Court was not afforded an opportunity to review his exhibits.

A district court must dismiss a prisoner's civil rights complaint if, *inter alia*, it is frivolous or fails to state a claim for relief. § 1915(e)(2)(B); § 1915A(b)(1). A complaint is considered frivolous if it has no "arguable basis in law or fact." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (citing *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992)).

Aziz seeks to allege a deprivation of rights under the Due Process Clause of the Fifth Amendment for several reasons. First, the United States Supreme Court has permitted *Bivens* actions against federal officers for violations of the Fourth Amendment, *Bivens*, 403 U.S. 388, 91 (1971); the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and the Cruel and Unusual Punishment Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Dunbar Corp. v. Lindsey*, 905 F.2d 754, 760–61 (4th Cir. 1990). The Court has not recognized *Bivens* claims for alleged First Amendment violations. *See Egbert v. Boule*, 596 U.S. 482, 498 (2022).Moreover, the Supreme Court has repeatedly "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 596 U.S. at 491 (quoting *Ziglar v. Abassi*, 582 U.S. 120, 135 (2017)).

Aziz's allegations against Washington and Simlin challenge their conduct as deputy clerks responsible for filing records received from lawyers and litigants, a task that is an integral part of the judicial process. However, judicial immunity extends to court clerks who perform "tasks that are an integral part of the judicial process." *Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007) ("[C]lerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process.").

The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases. *Vann v. Mazzant*, No. 3:21-CV-1848-L-BK, 2021 WL 6098779, at *3 (N.D. Tex. Nov. 24, 2021) ("[A] clerk's consideration of documents for filing is also an integral part of the judicial process, so quasi-judicial immunity likewise applies to any assertion that the Fifth Circuit Clerks erred in refusing to accept Vann's submissions for filing."), *report and recommendation adopted as modified*, No. 3:21-CV-1848-L-BK, 2021 WL 6072802 (N.D. Tex. Dec. 23, 2021).

For example, in *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338 (D.C.C. May 23, 2011), Sibley alleged that Deputy Clerk Rapp failed to file his pleadings in his disbarment proceedings and that Clerk Langer refused to correct a docketing error. *Id.* at 344. The Court noted that Sibley appeared to seek a judgment against Deputy Clerk Rapp and Clerk Langer in their individual capacities, but that he had not identified any act taken by the clerks outside of the performance of tasks within the judicial process. *Id.* The Court therefore found that Sibley's allegations failed to state a claim because Deputy Clerk Rapp and Clerk Langer acted within their capacity as judicial clerks and entitled to absolute immunity from suit. *Id.*

As to Washington and Simlin, Aziz alleges that they both intentionally and willfully failed to file all the exhibit attachments to his pleadings in each court. Regarding the pleadings docketed by Simlin, the record shows that 174 pages of documents were filed with the original complaint in this case. Aziz alleges that 30 pages were missing from the filing. He does not allege which pages are missing, the content of the missing pages, or the impact of the missing pages in this case.

Aziz alleges that Washington and Simlin, although in different courts, colluded to not file all of his exhibits, but he fails to allege that they knew each other or agreed to not file all of his exhibits in the record. As to Simlin, he fails to allege, even if true, how these missing documents impact this case. The Court also notes that as to the Amended Complaint, the record shows that 215 pages were actually filed in the record.

In this case, like in *Suter*, *Sibley*, and *Vann*, Aziz alleges that deputy clerks Washington and Simlin individually and officially are liable for their alleged failure to file all his exhibits in the record. A court clerk who files or dockets pleadings and exhibits is engaging in a function that is integral to their position. Washington and Simlin therefore have absolute quasi-judicial immunity against damages pertaining to the task of filing or not filing documents as alleged by

Aziz. Having determined that they are entitled to judicial immunity, the Court does not reach the issue of qualified immunity.

## IV. Recommendation

**IT IS RECOMMENDED that** Defendants' **Motion to Dismiss for Failure to State a Claim (R. Doc. 22)** be **GRANTED IN PART AND DENIED IN PART.**

**IT IS RECOMMENDED** the Motion be **GRANTED** as to RLS AR Abdul Aziz's § 1983 claim against Monica R. Washington, Deputy Clerk at the Fifth Circuit Court of Appeals, and Sandra Simlin, Deputy Clerk at the Eastern District of Louisiana, for their failure to properly file his pleadings be **DISMISSED WITH PREJUDICE**. as frivolous, for failing to state a claim for which relief can be granted, and for seeking relief against immune defendants.

**IT IS FURTHER RECOMMENDED** that the Motion be **DENIED** as to RLS AR Abdul Aziz's claim against Monica R. Washington for not using his legal name in Court correspondence.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of November 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

9