UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RLS AR ABDUL AZIZ | CIVIL ACTION |
| VERSUS | NO. 22-3129 |
| MONICA R. WASHINGTON, *et al.* | SECTION M (4) |

### ORDER & REASONS

Before the Court is the magistrate judge's November 13, 2023 Report and Recommendation ("R&R")[1] recommending that the Court grant the motion to dismiss[2] filed by defendants Monica R. Washington and Sandra Simlin (together, "Defendants") as to plaintiff's claims under 42 U.S.C. § 1983, but deny the motion as to plaintiff's First Amendment claim. Having considered the complaint, the record, the applicable law, the R&R, and the objections to the R&R,[3] the Court adopts in part and rejects in part the R&R, and grants the motion to dismiss in its entirety.

I.   BACKGROUND

Plaintiff RLS AR Abdul Aziz ("Aziz"), formerly Reginald Spears, an inmate at FCC Beaumont Prison in Beaumont, Texas, filed a *pro se* and *in forma pauperis* complaint pursuant to § 1983 against Washington, individually and in her official capacity as the Deputy Clerk for the United States Court of Appeals for the Fifth Circuit, alleging that she violated his right to procedural due process by failing to enter 150 pages of exhibits that accompanied his petition for reconsideration of his conviction and sentence.[4] Aziz later amended his complaint to add Simlin as a defendant individually and in her official capacity as the Deputy Clerk of the United States

---

[1] R. Doc. 31.
[2] R. Doc. 22.
[3] R. Docs. 34; 35.
[4] R. Doc. 4.

District Court for the Eastern District of Louisiana, alleging that she similarly failed to enter 30 pages of exhibits into the record when he filed the instant action, which he says deprived him of his right to access the courts.[5]

Aziz also asserts a *Bivens*[6] claim against Washington, alleging that she refuses to use his legal name in correspondence, which he says violates his First Amendment right to express his association with the religion of Islam.[7]  In particular, on May 5, 2021, the Fifth Circuit issued an order[8] granting Aziz's motion[9] to include the name "RLS AR Abdul Aziz" – instead of his former name, Reginald Spears – in the court's correspondence. Then, on August 24, 2021, Washington sent a letter to "Reginald L. Spears," advising him that the court had received a duplicate brief and would not take action on the second brief.[10]

Washington and Simlin filed the instant motion to dismiss, arguing that Aziz has not stated a plausible claim for relief, and, even if he has, the Court should dismiss the claims for lack of subject-matter jurisdiction.[11]  In particular, Defendants argue that they are entitled to absolute quasi-judicial immunity or qualified immunity for their acts.[12]

On November 13, 2023, the magistrate judge issued the R&R recommending dismissal of Aziz's § 1983 claims due to Defendants' absolute quasi-judicial immunity, but non-dismissal of Aziz's claim against Washington for violation of his First Amendment right to religious expression.  Both Washington and Aziz object to the R&R.

---

[5] R. Doc. 10.
[6] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[7] R. Doc. 10 at 3.
[8] *United States v. Spears*, No. 20-30312 (5th Cir. May 5, 2021), R. Doc. 43.
[9] *United States v. Spears*, No. 20-30527 (5th Cir. Dec. 11, 2020), R. Doc. 25-1.
[10] *See id.*, R. Doc. 69; *Spears*, No. 20-30312 (5th Cir. Aug. 24, 2021), R. Doc. 67.
[11] R. Doc. 22.
[12] *Id.* at 5-8.

Washington objects to the recommendation that the Court deny the motion to dismiss as to Aziz's claim against her for failing to use his legal name in correspondence.[13] She argues that (1) there is no cause of action under *Bivens* for violation of First Amendment rights;[14] (2) even if a valid *Bivens* claim did exist, Washington is entitled to absolute quasi-judicial immunity;[15] (3) Aziz is barred from pleading a tort claim under the Federal Tort Claims Act;[16] and (4) Aziz did not suffer any harm by Washington mistakenly using his former name.[17]

Aziz objects to the recommendation that the Court dismiss his claims against Defendants for their failure to file certain documents.[18] He argues that the R&R only addresses the clerks' failure to file the documents but not the "crimes of the Clerks of removing, concealing, and destroying [his] submissions."[19]

## II.   ANALYSIS

### A. Section 1983 Claims

"Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process." *Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007). Courts within the Fifth Circuit have routinely held that filing documents into the record is one such task. *See, e.g.*, *id.* (affirming dismissal of plaintiff's claim against clerk of court for failing to file his petitions for rehearing, citing the clerk's absolute quasi-judicial immunity); *Turner v. Go Auto Ins. Co.*, 2022 WL 18283272, at *2 (W.D. La. Mar. 15, 2022) ("Plaintiff's complaints that certain documents were not properly filed by [the clerk] are barred by these immunity doctrines."), *adopted*, 2023 WL 187200 (W.D. La. Jan. 13, 2023); *Vann v.*

---

[13] R. Doc. 34.
[14] *Id.* at 2-4.
[15] *Id.* at 5-6.
[16] *Id.* at 6-8.
[17] *Id.* at 10.
[18] R. Doc. 35.
[19] *Id.* at 1.

*Mazzant*, 2021 WL 6098779, at *3 (N.D. Tex. Nov. 24, 2021) ("At any rate, a clerk's consideration of documents for filing is also an integral part of the judicial process, so quasi-judicial immunity likewise applies to any assertion that the Fifth Circuit Clerks erred in refusing to accept [plaintiff's] submissions for filing."), *adopted as modified*, 2021 WL 6072802 (N.D. Tex. Dec. 23, 2021). The Court therefore agrees with and adopts the magistrate judge's determination that Washington and Simlin are entitled to quasi-judicially immunity regarding Aziz's § 1983 claims.[20]

In doing so, the Court overrules Aziz's objection that the R&R does not address the action complained of (*i.e.*, the destruction, removal, or concealment of his filings), but just the result (*i.e.*, the failure to file the pleadings). The R&R states that "[t]he clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases."[21] Any act of destroying, removing, or concealing filings would also be part and parcel of a clerk's processing of filings. Moreover, courts have specifically held that clerks are entitled to immunity even when alleged to have destroyed filings. *See, e.g.*, *Bogard v. Lowe*, 2022 WL 1050332, at *9 (W.D. Tex. Apr. 6, 2022) (recommending dismissal of plaintiff's claim that the clerk "signed fraudulent documents without personal knowledge, rubber stamped documents,

---

[20] *See* R. Doc. 31 at 6-9. Although not clear from the complaint, Aziz apparently brings his § 1983 claims against Defendants in both their individual and official capacities. Absolute quasi-judicial immunity, however, only protects Defendants in their individual capacities and is thus unavailable in official-capacity suits. *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Nonetheless, Aziz's claims against Defendants in their official capacities still fail because Washington and Simlin are *federal* employees acting pursuant to federal law, not state actors acting pursuant to state law. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (holding that plaintiffs "failed to state a claim under § 1983 because the defendants are federal employees and officials acting pursuant to federal law and are not state actors acting under color of state law"); *Garcia-Esparza v. Farrington*, 2019 WL 6312428, at *2 (E.D. La. Oct. 31, 2019) ("Section 1983 permits civil actions for damages based upon alleged violations of constitutional rights only against persons acting under color of *state* law, not actions against the United States, its agents or agencies. Thus, to whatever extent, if any, plaintiff seeks to assert a Section 1983 claim against the United States or one of its employees or agencies, … he fails to state a claim upon which relief can be granted.") (internal citation omitted; emphasis in original), *adopted*, 2019 WL 6307851 (E.D. La. Nov. 25, 2019). Therefore, while Defendants may not be entitled to absolute quasi-judicial immunity regarding the claims brought against them in their official capacities, those claims are still appropriately dismissed.

[21] R. Doc. 31 at 7.

instructed another clerk to sign her name, and destroyed filed documents," because the clerk was entitled to immunity); *Cardona v. Briones*, 2012 WL 12897203, at *10-11, *14 (W.D. Tex. Mar. 9, 2012) (recommending dismissal of claims against deputy clerk for failing to file, delaying to file, or destroying documents that the plaintiff submitted for filing based on absolute or qualified immunity), *adopted*, 2012 WL 12898024 (W.D. Tex. Apr. 13, 2012).

### B. First Amendment Right to Religious Expression

#### 1. There is no *Bivens* cause of action for violation of First Amendment rights.[22]

In *Bivens*, the Supreme Court "recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment." *Butler v. Porter*, 999 F.3d 287, 293 (5th Cir. 2021). The Supreme Court subsequently extended *Bivens* in two other cases – once in recognizing an implied damages remedy for gender discrimination in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), and then again in recognizing an implied damages remedy for failure to treat a prisoner's medical condition in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 16-18 (1980).

Since these three cases, however, the Supreme Court has "come 'to appreciate more fully the tension between' judicially created causes of action and 'the Constitution's separation of legislative and judicial power,'" and has "declined 11 times to imply a similar cause of action for other alleged constitutional violations." *Egbert v. Boule*, 596 U.S. 482, 486, 491 (2022) (quoting

---

[22] Aziz does not specify in his complaint whether he brings his *Bivens* claims against Washington in her official capacity, individual capacity, or both. To the extent Aziz seeks to hold Washington liable in her official capacity, that claim is dismissed, for "there can be no *Bivens* cause of action against … government officers in their official capacities, like deputy clerks of court …." *Garcia-Esparza*, 2019 WL 6312428, at *2; *see also Gonzalez v. Gillis*, 2023 WL 3197061, at *3 (5th Cir. May 2, 2023) ("*Bivens* 'provides a cause of action only against government officers in their individual capacities." (quoting *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999))); *Adams v. Martin*, 2011 WL 5038585, at *3 (E.D. La. Oct. 3, 2011) (dismissing *Bivens* claims against deputy clerks in their official capacity, stating that "*Bivens* actions may be brought against defendants acting in their individual capacities *only*") (emphasis in original), *adopted*, 2011 WL 5038797 (E.D. La. Oct. 24, 2011).

5

*Hernandez v. Mesa*, 589 U.S. ---, ---, 140 S. Ct. 735, 741 (2020)).  Indeed, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (noting that, over the last 30 years, the Court has "'consistently refused to extend *Bivens* to any new context or new category of defendants'" (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001))).  Accordingly, "*Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases" – those being:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment.

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (internal citations omitted).

The first step in addressing an alleged *Bivens* claim is to determine "'whether the claim arises in a new *Bivens* context, *i.e.*, whether the case is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court.'"  *Butler*, 999 F.3d at 294 (quoting *Abbasi*, 582 U.S. at 147) (alteration omitted).  Here, Aziz alleges that Washington violated his First Amendment right to freely express his religion when she did not address him by his legally changed name.  But the Supreme Court "ha[s] never held that *Bivens* extends to First Amendment claims."  *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); *see also Butts v. Martin*, 877 F.3d 571, 584, 588 (5th Cir. 2017) ("Neither the Supreme Court nor this Circuit has directly extended *Bivens* to violations of the Free Exercise Clause. … Because the Supreme Court has not recognized a *Bivens* remedy in the First Amendment context, [plaintiff's] claim likely presents a new context under *Bivens*.").  The Court is therefore presented with a new *Bivens* context.

The next step is to determine "whether 'there are special factors counselling hesitation in the absence of affirmative action by Congress.'" *Butler*, 999 F.3d at 294 (quoting *Abbasi*, 582 U.S. at 136). "A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). As explained by the Fifth Circuit:

> The "special factors" inquiry "concentrates on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Such factors include whether Congress has legislated on the right at issue and whether alternative remedies exist for protecting that right. Courts also consider separation-of-powers concerns.

*Butler*, 999 F.3d at 294 (quoting *Abbasi*, 582 U.S. at 136-37, 144-45, and citing *Hernandez*, 140 S. Ct. at 743) (alteration omitted). Additionally, "[r]ecognizing any new *Bivens* action 'entails substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *Egbert*, 596 U.S. at 499 (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)) (alteration omitted). The Supreme Court has expressly found – in the context of alleged First Amendment retaliation – that "[e]xtending *Bivens* to alleged First Amendment violations would pose an acute risk of increasing such costs." *Id.*

This conclusion is equally applicable here. Creating a new cause of action against federal deputy clerks for violating a party's First Amendment rights in mistakenly mailing correspondence would create fear of personal monetary liability and harassing litigation, and ultimately inhibit the clerks in the discharge of their duties.[23] And, as explained, the Supreme

---

[23] The Court does not reach the question whether a clerk of court could be held liable for intentionally or maliciously handling mail in violation of a person's First Amendment rights, *cf. Brown v. Glasser*, 869 F.2d 1488, 1989 WL 20614, at *1 (6th Cir. 1989) ("Likewise, plaintiff failed to state a claim against the clerk because judicial

7

Court has routinely declined to create new *Bivens* causes of actions, including in the context of alleged First Amendment violations.[24]  Separation-of-powers principles teach that Congress is in a better position to decide whether the public interest would be served by creating a damages remedy in this kind of case.  Hence, this Court declines to do so here.

> **2. Even if the Court were to recognize a *Bivens* claim for the alleged violation of Aziz's First Amendment right, Washington is entitled to qualified immunity.**

A clerk may be entitled to either absolute quasi-judicial immunity, as briefly discussed above, or qualified immunity.  "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion,'" but "only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions."  *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).  Clerks are also entitled to absolute quasi-judicial immunity for damages when they "perform tasks integral to the judicial process," such as filing documents.[25]  *Evans*, 260 F. App'x at 727 (holding that clerk was entitled to absolute quasi-judicial immunity for refusing to file a litigant's petitions for rehearing); *see also Reynolds v. Orleans Crim. Dist. Ct.*, 2022 WL 17824487, at *3 (E.D. La. Oct. 21, 2022) ("Court officers or employees are also protected by quasi-judicial immunity when they perform functions intimately related to, or which amount to an integral part of, the judicial process."), *adopted*, 2022 WL 17819607 (E.D. La. Dec. 20, 2022).

---

support staff are entitled to quasi-judicial immunity, absent evidence that they have acted maliciously or corruptly."), since that is not the question presented here.

[24] For example, the Supreme Court has held that there is "no *Bivens* action" for First Amendment retaliation.  *Egbert*, 596 U.S. at 499.  Similarly, the Fifth Circuit has consistently dismissed *Bivens* claims brought by federal employees for violations of the First Amendment in employment actions.  *See, e.g.*, *Gonzalez v. Manjarrez*, 558 F. App'x 350, 353 (5th Cir. 2014) (collecting cases).

[25] Courts have also concluded that clerks are entitled to absolute quasi-judicial immunity in performing the following tasks in the alleged deficient manner: refusing to file documents, *Go Auto Ins.*, 2022 WL 18283272, at *2; listing the incorrect judge on an abstract of court record, *Blakely v. City of Laurel*, 2015 WL 13091648, at *5 (S.D. Miss. Sept. 17, 2015), *aff'd*, 644 F. App'x 319 (5th Cir. 2016); failing to prepare a complete record, *McCoy v. McCormick*, 2023 WL 3010215, at *15-16 (M.D. La. Feb. 15, 2023); negligently filing and docketing a complaint, *Graves v. Whitacre*, 2021 WL 909615, at *8 (S.D. Miss. Jan. 15, 2021), *adopted*, 2021 WL 406599 (S.D. Miss. Feb. 5, 2021); and failing to provide a *Boykin* transcript to a criminal defendant, *Murphy v. Marten*, 2006 WL 4043201, at *2 (E.D. La. Aug. 23, 2006).

The task performed here was addressing and mailing a letter to a litigant to notify him that the court would not take action on his duplicate filing. Although such a task appears to be "integral to the judicial process," the Fifth Circuit has held on several occasions that notifying a litigant about a filing is a "routine duty" that entitles a clerk only to qualified but not absolute immunity. *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) ("In entering an order and notifying the parties a clerk of court enjoys qualified but not absolute immunity."); *Foley v. Hughes*, 116 F. App'x 519, 520 (5th Cir. 2004) ("As [plaintiff] complained of [the deputy clerk's] performance of her routine duties of notifying him to file a motion for authorization to file a successive 28 U.S.C. § 2254 petition, [the clerk] was entitled only to qualified immunity from suit."); *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010) ("The record reflects that [the clerk] informed [plaintiff] that Judge Denman had dismissed [plaintiff's] malpractice suit. Because [the clerk's] actions were ministerial, he was entitled to qualified immunity."). Because the Court hereafter holds that Washington is entitled to qualified immunity, it does not address whether she is also entitled to absolute quasi-judicial immunity.[26]

"Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Gates v. Tex.*

---

[26] *But see Adams v. Martin*, 2011 WL 5038585, at *3-4 (E.D. La. Oct. 3, 2011) (holding – in a case where plaintiff brought *Bivens* claims against three Fifth Circuit deputy clerks alleging, among other things, that one clerk "intentionally" ignored his request to access the record, resulting in the dismissal of his appeal for want of prosecution, and failed to notify him of his impending dismissal as required by the Fifth Circuit rules, and that another clerk refused to send his motion for reinstatement to the judge – that the clerks were entitled to absolute quasi-judicial immunity resulting in the dismissal of plaintiff's *Bivens* claims), *adopted*, 2011 WL 5038797 (E.D. La. Oct. 24, 2011); *Essell v. Carter,* 450 F. App'x 691 (9th Cir. 2011) (affirming dismissal of plaintiff's claim against court clerks for failing to respond to his letters and failing to file various motions and appeals in connection with his criminal case); *Leppla v. Kagel*, 2020 WL 5106841, at *4 (N.D. Ohio Aug. 31, 2020) (holding that clerk of court was entitled to absolute quasi-judicial immunity against § 1983 and constitutional claims for miscommunicating to plaintiff over the phone about plaintiff's need to attend an upcoming hearing; *Lewis v. W. Roxbury Dist. Ct.*, 2013 WL 4854117, at *2, *6 (D. Mass. Sept. 10, 2013) (holding that clerk who failed to record plaintiff's case accurately, ignored plaintiff's request to send him copies of all docket entries, and lied to plaintiff's wife about sending such entries had absolute quasi-judicially immunity from liability because "[t]hose duties arise directly from the Clerk's role in supporting the adjudication of cases").

*Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 418 (5th Cir. 2008). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). A federal employee invoking qualified immunity is shielded from monetary damages unless a plaintiff pleads facts showing: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court has repeatedly instructed that "'clearly established law' should not be defined 'at a high level of generality,'" but instead "must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *al–Kidd*, 563 U.S. at 742, and *Anderson*, 483 U.S. at 640). A court must also decide whether the defendant's conduct was objectively reasonable. *Gates*, 537 F.3d at 419. Conduct is considered objectively reasonable "unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution." *Id.* "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'" *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *al-Kidd*, 563 U.S. at 741). "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Here, Aziz alleges that Washington violated his constitutional right to freely express his religion by addressing the court's letter to him using his former name rather than his legally changed name. While it is true that "[t]he adoption of Muslim names by inmates practicing that religion is generally recognized to be an exercise of both first amendment speech and religious freedom," *Felix v. Rolan*, 833 F.2d 517, 518 (5th Cir. 1987), Aziz fails to explain how, given

10

the particular facts of the case, misaddressing the letter violates a clearly established constitutional right. *See Howard v. Wilson*, 176 F. App'x 468, 469 (5th Cir. 2006) ("Although the adoption of a Muslim name is considered an exercise of religious freedom, the refusal by prison officials to recognize the name change does not violate his free exercise of religion.") (internal citation to *Felix* omitted); *Douglas v. Dixon*, 2021 WL 4597077, at *3 (S.D. Miss. Oct. 6, 2021) (holding that plaintiff's probation officer was entitled to qualified immunity for failing to file correct paperwork because her conduct did not violate "clearly established" law, as "[i]ndividuals do not have a constitutional right to live a life free from clerical errors").[27] Indeed, in responding to Defendants' qualified immunity defense, Aziz limits his response to his other claims.[28]

Moreover, Washington's conduct was objectively reasonable. Aziz has not alleged any facts showing that Washington's use of his former name was anything more than a clerical or ministerial error committed in carrying out her duties as deputy clerk. *See Jackson v. Hicks*, 2002 WL 35674830, at *4 (W.D. La. Feb. 3, 2002) (stating generally that clerks cannot "be sued for making administrative errors themselves, as this is an anticipated event in any job"), *adopted*, 2022 WL 20686897 (W.D. La. Feb. 25, 2022). Aziz's complaint merely alleges that Washington "refused to include Plaintiff's legal name in his correspondence" and acted "intentionally, willfully and in disregard, as well as indifference of the clearly established rights of the Plaintiff."[29] He does not assert any facts in support of these conclusory allegations.[30] Although

---

[27] The key reason Aziz identified for asking the court to use his legal name was his concern about not receiving mail since he is held in the custody of the Federal Bureau of Prisons under his legal name. *See Spears*, No. 20-30527 (5th Cir. Dec. 11, 2020), R. Doc. 25-1. Nowhere in his motion to include his legal name in correspondence does he mention his religion. And, Aziz does not allege that the failure to include his legal name caused him to not receive the August 24, 2021 letter.

[28] R. Doc. 24 at 5-6 ("Defendants have no discretionary authority to remove, conceal, and destroy the filings of Plaintiff, as such they are not entitled to qualified immunity and the government's reliance on the cited case law is again non-applicable to this case.").

[29] R. Doc. 10 at 6.

an earlier order stated that the court would include Aziz's legal name in correspondence, the caption of the matter remained "United States of America v. Reginald L. Spears."[31] It is objectively reasonable for a clerk to address a litigant using the name set out in the case's caption – even if it was actually a mistake to do so. Washington is thus entitled to qualified immunity.

### 3. Any alleged tort claim fails under the FTCA.

Having disposed of all of Aziz's constitutional claims, the only potential remaining claim is a tort claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. While the United States is generally immune from suits, it waives its sovereign immunity through the FTCA and is liable for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). The FTCA "is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. § 2679).

Even assuming Aziz's complaint alleges a tort claim under the FTCA, the claim fails. First, Aziz has named the improper defendant. "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire*, 137 F.3d at 324. Instead of naming the United States as a defendant, Aziz has named Washington.

---

[30] *See Porras v. Sanchez*, 2014 WL 2118085, at *10 (W.D. Tex. May 21, 2014) ("Plaintiff's Complaint does not state anything beyond conclusory allegations that [the clerks] were involved in the alleged destruction or loss of the writs and does not plead anything beyond conclusory facts showing that the Defendants had the intent to interfere with his right to submit the writs to the courts or were otherwise deliberately indifferent to his attempt to file a writ.").

[31] *See Spears*, No. 20-30312 (5th Cir. May 5, 2021), R. Doc. 43; *see also* R. Doc. 31 at 5.

Second, the FTCA's exceptions bar any FTCA claim. Section 2680 provides exceptions to the FTCA's limited waiver of sovereign immunity – that is, a list of tort claims that *cannot* be brought against the United States. 28 U.S.C. § 2680. For example, it precludes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," and "[a]ny claim arising out of … misrepresentation …." *Id.* § 2680(b), (h). Thus, to the extent Aziz attempts to bring a tort claim against Washington for misaddressing the letter or misrepresenting his name on the letter, he is statutorily barred from bringing such a claim. *See, e.g.*, *Hanna v. United States*, 2021 WL 5237269, at *1 (5th Cir. Nov. 10, 2021) ("[T]he FTCA's misrepresentation exception bars [p]laintiff's FTCA claim. His claim is necessarily predicated on an injury – if there was one – that arose from an alleged misrepresentation by a federal docket clerk. This clearly falls within the scope of the FTCA's misrepresentation exception, to which the FTCA's limited waiver of sovereign immunity does not apply."); *McCullough v. United States*, 110 F. App'x 158, 159 (2d Cir. 2004) (holding that the FTCA excepts from its waiver of sovereign immunity any claim against a clerk of court's office arising from the misdelivery of mail).

Lastly, Aziz failed to exhaust his administrative remedies before bringing the instant suit. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...." 28 U.S.C. § 2401(b). "FTCA actions that are instituted before administrative remedies are exhausted must be dismissed for lack of subject matter jurisdiction." *Hebert v. U.S. Postal Serv.*, 2005 WL 2017041, at *1 (W.D. La. Aug. 19, 2005) (citing *Flory v. United States*, 138 F.3d 157, 158 (5th Cir.1998)); *see also Hanna*, 2021 WL 5237269, at *1 (affirming district court's dismissal of claim for lack of subject-matter jurisdiction because plaintiff failed to exhaust administrative

remedies). Aziz did not present his claim to the proper agency before instituting this suit, so the Court lacks subject-matter jurisdiction.

### 4. Aziz has not alleged any harm caused by Washington's use of his former name.

The complaint fails to state what harm, if any, Aziz has suffered because of the misaddressed letter. He simply asserts in conclusory and nonspecific terms that "[a]s a result of Defendant Washington's actions, Plaintiff has sustained significant damages; including prolonged incarceration, emotional damage, humiliation, economic damages, and other compensatory damages,"[32] and that he "has suffered and continues to suffer irreparable harms; including harms to his liberty, identity, family security, and access to the full constellation of benefits conferred by the U.S. Constitution upon others."[33] However, he fails to show how Washington's use of his former name caused any of the harms listed in his complaint. For example, he does not begin to explain how use of his former name on a letter had any bearing on his incarceration, much less prolonged it. Absent a showing of actual harm, Aziz's claim must be dismissed as frivolous. *See Jackson v. Martinez*, 2012 WL 3151344, at *4 (E.D. Tex. Aug. 2, 2012) ("To the extent that the record may not support [a finding of absolute immunity], or a finding of qualified immunity in the alternative, [p]laintiff's allegations are still infirm. … [H]is formulaic claims do not allege any harm whatsoever from the lack of the documents. Specifically, … he has not asserted that the clerks' actions denied him access to the courts or any other hardship of constitutional magnitude."); *Sims v. Kernan*, 72 F. Supp. 2d 944, 951 (N.D. Ind. 1999) ("Even assuming *arguendo* that whoever in the clerk's office handled the document should have file marked it for an earlier date, [plaintiff] does not show how he was harmed at all by this alleged error, let alone how it would violate his federally protected rights.").

---

[32] R. Doc. 10 at 3.
[33] *Id.* at 6.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Washington's objection to the R&R (R. Doc. 34) is SUSTAINED, and Aziz's objection to the R&R (R. Doc. 35) is OVERRULED. The Court adopts the R&R as its opinion in this matter except to the extent it recommends that the Court not dismiss Aziz's claim against Washington for using his incorrect name in correspondence. The Court modifies the R&R in this one respect to dismiss this claim as well.

IT IS FURTHER ORDERED, then, that Defendants' motion to dismiss (R. Doc. 22) is GRANTED in its entirety.

New Orleans, Louisiana, this 15th day of December, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE